POMFREY v. THE PRUDENTIAL INSURANCE CO.

*Evidence—Cross-examination—Defendant cannot introduce affirmative defense, when—Nor defense of avoidance, when.*

1. A defendant may not, prior to the opening of his case, offer evidence of an affirmative defense by cross-examination of the plaintiff's witness.
2. A defense by way of avoidance may not be introduced by defendant on cross-examination.

(Decided December 12, 1921.)

ERROR: Court of Appeals for Hamilton county.

Mr. *George H. Silverman* and Mr. *Robert S. Alcorn*, for plaintiff in error.
Messrs. *Heintz & Heintz,* for defendant in error.

CUSHING, J. Elizabeth Pomfrey brought an action in the court of common pleas against The Prudential Insurance Company to recover on a policy of insurance in the sum of $1,000, issued by it on the life of her husband, Samuel J. Pomfrey.

The policy was dated September 24, 1904. The insured died May 28, 1918.

A copy of the policy was attached to and made a part of the petition.

The petition stated that the plaintiff and the insured had performed all the conditions of the policy on their part; that the plaintiff was the beneficiary under the policy; that the company was duly notified of the death of the insured; that the policy, by its terms, was to remain in full force and effect until September 24, 1925; and that the company had

refused and still refused to pay the $1,000, or any part thereof.

The defendant admitted the incorporation of the company, and that it issued the policy in question.

The defense relied on was that after the payment of nine annual premiums, plaintiff and the insured failed to pay the premiums due and payable September 24, 1913, and all subsequent payments, and at the time of the death of the insured the policy was lapsed. The answer further stated that at the time of the payment of the last annual premium the cash surrender value of the policy was $184; that the insured had borrowed sums of money on the policy amounting to $169.25, and under the terms of the policy the money borrowed should be deducted from the cash surrender value, so that the amount available for extended insurance was $14.72; that this amount carried extended insurance to July 9, 1915, or for a term of one year and 288 days after the payment of the last annual premium; and that at the time of the death of the insured there was no obligation on the part of the company to pay such sum of $1,000, or any part thereof.

At the trial plaintiff offered evidence in substance that the company had not issued a policy of extended insurance under the terms of the original policy, and that plaintiff was the beneficiary under the policy.

On cross-examination of the plaintiff, the defendant attempted to establish that more than six annual premiums had been paid. It offered in evidence the insurance policy and six premium receipts. The date of the last receipt was September 24, 1909. It then interrogated the witness as

to the sums of money that the insured had borrowed on the policy, and in that way attempted to establish the defense stated in its answer.

At the conclusion of its cross-examination, the company moved for an instructed verdict. The court granted the motion, and the jury returned a verdict for the defendant.

The company's defense was an avoidance of liability on the policy. The court below permitted that defense to be introduced on cross-examination of plaintiff's witness.

In *Fabian* v. *State*, 97 Ohio St., 184, it was held that the extent to which a cross-examination would be permitted was largely within the discretion of the trial court, and if that question was properly before the court in this case it would be followed. The scope or extent of cross-examination is not for consideration in this case. The rule is that a defendant may not, on cross-examination, offer evidence of an affirmative defense prior to the opening of its case. It is the law that where the defense is an avoidance it may not be introduced by the defendant on cross-examination. The rule that cross-examination may be extended generally to the merits of the case, or to any matter embraced in the issue, is limited by the application of another rule, namely, that a defendant has no right to go into distinct matters of defense by way of avoidance before the plaintiff has rested. (*Legg* v. *Drake*, 1 Ohio St., 286, 292.) *Legg* v. *Drake* has been followed in numerous Ohio cases, and, under this rule, the evidence to establish the defense interposed by the defendant could not be introduced on cross-examination.

The judgment of the court below will be reversed and the cause remanded for a new trial according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and BUCHWALTER, J., concur.